El Paso County - 384th District Court

Filed 7/25/2016 1:43:50 PM
Norma L. Favela
District Clerk
El Paso County
2016DCV2809

CAUSE NO._____

| | | |
|---|---|---|
| **MARIA DUARTE,** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| **v.** | § | **EL PASO COUNTY, TEXAS** |
| | § | |
| | § | |
| **ALLSTATE TEXAS LLOYD'S AND** | § | |
| **ALLEN COLBERT** | § | |
| *Defendants.* | § | **_____ JUDICIAL DISTRICT** |
| | § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Maria Duarte ("Plaintiff"), and files this *Plaintiff's Original Petition*, complaining of Allstate Texas Lloyd's and Allen Colbert (whom will be collectively referred as "Defendants"), and for cause of action, Plaintiff would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1.  Plaintiff intends to conduct discovery under Level 1 of Texas Rule of Civil Procedure 190.2 and affirmatively pleas that this suit is governed by the expedited-actions process in Texas Rules of Civil Procedure 169.

### PARTIES

2.  Plaintiff Maria Duarte is an individual residing in .

3.  Defendant Allstate Texas Lloyd's (hereinafter referred to as Allstate) is an insurance company engaging in the business of insurance in the State of Texas. This defendant may be served with process by certified mail, return receipt requested, by serving its Attorney


EXHIBIT
B-1

for Service, CT Corporation System at 1999 Bryan St, Ste 900, Dallas, Texas 75201-3136.

4.      Defendant Allen Colbert (hereinafter referred to as "Colbert") is an individual who may be served with personal process by a process server at his place of residence at 5415 Margaret Ln, Beaumont, Texas 77708-2917 or wherever he may be found.

### JURISDICTION

5.      The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiffs seek only monetary relief of $100,000.00 or less, including damages of any kind, penalties, court costs, expenses, prejudgment interest and attorney fees.

6.      The Court has jurisdiction over Defendant Allstate because this defendant is a domestic insurance company that engages in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

7.      The Court has jurisdiction over Defendant Colbert because this defendant is a citizen of the State of Texas and engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

### VENUE

8.      Venue is proper in  El Paso County, Texas, because the insured property is situated in County, Texas.  TEX. CIV. PRAC. & REM. CODE §15.032.

Page 2

## FACTS

9.      Plaintiff is the owner of a Texas Homeowners' Insurance Policy (hereinafter referred to as "the Policy"), which was issued by Allstate .

10.     Plaintiff owns the insured property, which is specifically located at 10115 Montreal Cir. Socorro, TX 79927 in El Paso County (hereinafter referred to as "the Property").

11.     Allstate sold the Policy insuring the Property to Plaintiff.

12.     On or about October 6, 2015, a hail storm and/or windstorm struck County, Texas, causing severe damage to homes and businesses throughout the region, including Plaintiff's residence. Plaintiff's roof sustained extensive hail and/or wind damage during the storm. Water intrusion through the roof caused significant damage throughout the entire property including, but not limited to, ceilings, walls, and insulation. Plaintiff's property also sustained substantial structural and exterior damage during the storm, including but not limited to, the brick, siding, soffit, fascia and trim, as well as extensive damage to the windows, window screens window a/c unit, and rock fence. After the storm, Plaintiff filed a claim with her insurance company, Allstate, for the damage to her home caused by the hail storm and/or windstorm.

13.     Plaintiff submitted a claim to Allstate against the Policy for Roof Damage, Structural Damage, Water Damage, and Wind Damage sustained as a result of the hail storm and/or windstorm.

14.     Plaintiff asked that Allstate cover the cost of repairs to the Property pursuant to the Policy.

15.     Defendant Allstate assigned Colbert as the individual adjuster on the claim. The adjuster assigned to Plaintiff's claim were improperly trained and failed to perform a thorough investigation of Plaintiff's claim. This is evident in his report which failed to include all

of the damages. Colbert both underestimated and undervalued the cost of repairs to the damaged items that he did include in the estimate. Ultimately, Colbert's estimate did not allow adequate funds to cover the cost of repairs to all the damages sustained, which failed to include all of Plaintiff's damages noted upon inspection. Colbert's inadequate investigation of the claim was relied upon by the other Defendants in this action and resulted in Plaintiff's claim being undervalued and underpaid.

16.     Together, Defendants Allstate and Colbert set about to deny and/or underpay on properly covered damages. As a result of these defendants' unreasonable investigation of the claim, including not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during their investigation and thus denying adequate and sufficient payment to Plaintiff to repair her home, Plaintiff's claim was improperly adjusted. The mishandling of Plaintiff's claim has also caused a delay in his ability to fully repair his home, which has resulted in additional damages. To this date, Plaintiff has yet to receive the full payment to which she is entitled under the Policy.

17.     As detailed in the paragraphs below, Allstate wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, Allstate underpaid some of Plaintiff's claim by not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during its investigation.

18.     To date, Allstate continues to delay in the payment for the damages to the Property. As such, Plaintiff has not been paid in full for the damages to her Property.

19.     Defendant Allstate failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay the full proceeds of

Page 4

the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff.  Allstate's conduct constitutes a breach of the insurance contract between Allstate and Plaintiff.

20.     Defendants Allstate and Colbert misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants Allstate's and Colbert's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.    TEX. INS. CODE § 541.060(a)(1).

21.     Defendants Allstate and Colbert failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants Allstate's and Colbert's  conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

22.     Defendants Allstate, and Colbert failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants Allstate, and Colbert  failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made.   Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. Defendants Allstate's and Colbert's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

23.     Defendants Allstate and Colbert failed to affirm or deny coverage of Plaintiff's claim within a reasonable time.  Specifically, Plaintiff did not receive timely indication of

acceptance or rejection, regarding the full and entire claim, in writing from Defendants Allstate and Colbert. Defendants Allstate's and Colbert's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

24.     Defendants Allstate and Colbert refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendants Allstate and Colbert failed to conduct a reasonable investigation. Specifically, Defendants Allstate and Colbert performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property. Defendants Allstate's and Colbert's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

25.     Defendant Allstate failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

26.     Defendant Allstate failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

27.     Defendant Allstate failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of

Page 6

Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for his/her claim. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

28.     From and after the time Plaintiff's claim was presented to Defendant Allstate, the liability of Allstate to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Allstate has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Allstate's conduct constitutes a breach of the common law duty of good faith and fair dealing.

29.     Defendants Allstate and Colbert knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

30.     As a result of Defendants Allstate's and Colbert's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorneys and law firm who are representing her with respect to these causes of action.

31.     Plaintiff's experience is not an isolated case. The acts and omissions Allstate committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Allstate with regard to handling these types of claims. Allstate's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## CAUSES OF ACTION:

### CAUSES OF ACTION AGAINST ALLEN COLBERT

#### NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
##### UNFAIR SETTLEMENT PRACTICES

32.    Defendant Colbert's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

33.    Defendants Colbert is individually liable for his/her unfair and deceptive acts, irrespective of the fact he acting on behalf of Allstate, because he is a "person" as defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.,* 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

34.    Defendant Colbert's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of

Page 8

competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

35.     Defendant Colbert's and unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

36.     The unfair settlement practice of Defendant Colbert as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

37.     Defendant Colbert's settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

38.     Defendant Colbert's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

Page 9

a.   **CAUSES OF ACTION AGAINST ALLSTATE ONLY**

39.    Defendant Allstate is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

**BREACH OF CONTRACT**

40.    Defendant Allstate's conduct constitutes a breach of the insurance contract made between Allstate and Plaintiff.

41.    Defendant Allstate's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Allstate's insurance contract with Plaintiff.

**NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES**

42.    Defendant Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

43.    Defendant Allstate's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

44.    Defendant Allstate's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even

Page 10

though Allstate's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

45.     Defendant Allstate's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

46.     Defendant Allstate's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

47.     Defendant Allstate's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE:

### THE PROMPT PAYMENT OF CLAIMS

48.     Defendant Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

Page 11

49.     Defendant Allstate's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

50.     Defendant Allstate's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.056.

51.     Defendant Allstate's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

52.     Defendant Allstate's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

53.     Defendant Allstate's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Allstate knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

Page 12

## CAUSES OF ACTION AGAINST ALL DEFENDANTS

### FRAUD

54.   Defendants Allstate and Colbert are liable to Plaintiff for common law fraud.

55.   Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiff would not have acted as he did, and which Defendants Allstate and Colbert knew were false or made recklessly without any knowledge of their truth as a positive assertion.

56.   The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury and constituting common law fraud.

### CONSPIRACY TO COMMIT FRAUD

57.   Defendants Allstate and Colbert are liable to Plaintiff for conspiracy to commit fraud. Defendants Allstate and Colbert were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means. In reaching a meeting of the minds regarding the course of action to be taken against Plaintiff, Defendants Allstate and Colbert committed an unlawful, overt act to further the object or course of action. Plaintiff suffered injury as a proximate result.

### KNOWLEDGE

58.   Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

Page 13

## DAMAGES

59.     Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

60.     As previously mentioned, the damages caused by the hail storm and/or windstorm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendant Allstate's and Colbert's mishandling of Plaintiff's claim in violation of the laws set forth above.

61.     For breach of contract, Plaintiff is entitled to regain the benefit of her bargain, which is the amount of her claim, together with attorney's fees.

62.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times her actual damages. TEX. INS. CODE §541.152.

63.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of her claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

64.     For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

65.    For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

66.    For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the below signed attorneys.  Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate her in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on her behalf expended, for prejudgment and post judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which she may show herself justly entitled.

Respectfully Submitted,

Cristobal M. Galindo, P.C

Cristobal M. Galindo
Texas Bar No.  24026128

4151 Southwest Freeway, Suite 602
Houston, Texas  77027
T: 713.228.3030 / F: 713.228-3003
E-Mail: StormCase@galindolaw.com
**ATTORNEY FOR PLAINTIFF**

Page 16